CAUSE NO. DC-23-10050

| | | |
|---|---|---|
| BBG, INC., | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff* | § | |
| | § | |
| vs | § | OF DALLAS COUNTY, TEXAS |
| | § | |
| RABIN MARK LAWSON | § | |
| | § | 191ˢᵗ JUDICIAL DISTRICT |
| *Defendants*. | § | |

---

**DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S EXPEDITED FIRST REQUEST FOR PRODUCTION**

---

To:    BBG, Inc., by and through its attorneys of record.

Defendant, Rabin Mark Lawson, serves this his Objections and Responses to Plaintiff's Expedited First Request for Production.

Respectfully submitted,

SUD LAW P.C.

*/s/ Nitin Sud*
_____

Nitin Sud
State Bar No. 24051399
6750 West Loop South
Suite 920
Bellaire, TX 77401
Phone: 832-623-6420
Fax: 832-304-2552
Email: nsud@sudemploymentlaw.com

Attorney for Defendant

1

<u>CERTIFICATE OF SERVICE</u>

 I certify that Defendant's Objections and Responses to Plaintiff's Expedited First Request for Production was served on the following attorneys via email on August 1, 2023:

Kristopher Hill
khill@bellnunnally.com

John Fugitt
jfugitt@bellnunnally.com

Sydnie Shimkus
sshimkus@bellnunnally.com


       */s/ Nitin Sud*
       Nitin Sud

## DEFENDANT'S OBJECTIONS AND RESPONSE TO
## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

General objection: Defendant objects to Plaintiff's "definitions" and "instructions" to the extent they are inconsistent with the Texas Rules of Civil Procedure and applicable case law.

**REQUEST FOR PRODUCTION NO. 1:**   All drives, removeable (e.g., USB, thumb, portable, etc.) or otherwise (e.g., CD, disk, hard drive), or other electronic data storage media, You used to access, store, or transfer BBG data, documents, or property.

**RESPONSE:**

There are three drives that are responsive to this request. See the answer to Interrogatory No. 1. Defendant objects to producing the drives at issue because it contains personal and unrelated items, making the request overly broad. Also, the laptop, which is in Defendant's possession, is owned by Blew. Defendant can provide the two flash drives to be searched in accordance with an agreed-upon forensic search protocol. Defendant can also make the laptop available for a forensic search, subject to Blew's consent.

**REQUEST FOR PRODUCTION NO. 2:**   Communications from May of 2023 to the present between You, on the one hand, and Blew, Evans Howell, Peter Millar, or any organization that provides assessment services in the commercial real estate industry, on the other hand, concerning the following:

- Your resignation from BBG or the termination of Your employment with BBG;

- consideration or acceptance of employment with Blew or any competitor of BBG;

- BBG documents, data, or information media in Your possession, custody, or control, including any removeable drive or other electronic storage media;

- any agreement You entered with BBG; and

- solicitation of BBG clients or prospective clients.

**RESPONSE:**

Responsive documents are being produced.

**REQUEST FOR PRODUCTION NO. 3:**  All contracts or Agreements between you and Blew.

**<u>RESPONSE:</u>**

Responsive documents are being produced.

**REQUEST FOR PRODUCTION NO. 4:**  Documents or communications between you and any clients or prospective clients of BBG regarding assessment services, or any other commercial real estate services, to be provided by Blew, for your own personal account, or for any third party other than BBG.

**<u>RESPONSE:</u>**

None.

CAUSE NO. DC-23-10050

| | | |
|---|---|---|
| BBG, INC., | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff* | § | |
| | § | |
| vs | § | OF DALLAS COUNTY, TEXAS |
| | § | |
| RABIN MARK LAWSON | § | |
| | § | 191st JUDICIAL DISTRICT |
| *Defendants*. | § | |

---

## DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S EXPEDITED FIRST SET OF INTEROGATORIES

---

To:    BBG, Inc., by and through its attorneys of record.

Defendant, Rabin Mark Lawson, serves this his Objections and Responses to Plaintiff's Expedited First Set of Interrogatories.

Respectfully submitted,

SUD LAW P.C.

/s/ Nitin Sud
_____

Nitin Sud
State Bar No. 24051399
6750 West Loop South
Suite 920
Bellaire, TX 77401
Phone: 832-623-6420
Fax: 832-304-2552
Email: nsud@sudemploymentlaw.com

Attorney for Defendant

1

<u>CERTIFICATE OF SERVICE</u>

      I certify that Defendant's Objections and Responses to Plaintiff's Expedited First Set of Interrogatories was served on the following attorneys via email on August 1, 2023:

Kristopher Hill
[khill@bellnunnally.com](mailto:khill@bellnunnally.com)

John Fugitt
[jfugitt@bellnunnally.com](mailto:jfugitt@bellnunnally.com)

Sydnie Shimkus
[sshimkus@bellnunnally.com](mailto:sshimkus@bellnunnally.com)

                         */s/ Nitin Sud*
                         Nitin Sud

## DEFENDANT'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

General objection: Defendant objects to Plaintiff's "definitions" and "instructions" to the extent they are inconsistent with the Texas Rules of Civil Procedure and applicable case law.

**INTERROGATORY NO. 1:** Identify all laptops, computers, smart phones, electronic devices, hard drives, removable storage devices or disks (e.g., USB, thumb, portable, CD), and printed or handwritten documents in Your possession that contain BBG data, information, or documents.

**ANSWER:**

- Verbatim USB drive

- Sony USB drive

- There is also a separate Dell laptop that has BBG files (that came from the Verbatim and Sony drives referenced above). This laptop is currently in Defendant's possession but is owned by Blew. Defendant anticipates Blew taking possession of this laptop in the near future.

**INTERROGATORY NO. 2:** Identify all clients and prospective clients of BBG that you have directly or indirectly solicited or serviced to do business with Blew, or for your own personal account or benefit, from June 2023 to the present, and state for each: (a) whether they are now a client of Blew; (ii) whether you contend you had legitimate business goodwill with such client or prospect before joining BBG; (iii) the legal and factual basis for such contention; and (iv) the date and substance of each such solicitation or service

**ANSWER:**

None.

**INTERROGATORY NO. 3:** Describe with specificity the duties and responsibilities of Your employment, or prospective employment, position with Blew, including: (a) the types of projects you intend to work on; (b) the locations of the projects for which you intend to work; and (c) the types of clients you intend to service.

**ANSWER:**

As of July 27, 2023, Defendant is no longer employed by Blew. Prior to July 27, 2023, Defendant's employment or prospective employment was to be a report reviewer. Defendant is now working as an independent contractor.

**INTERROGATORY NO. 4:**  Identify all data, information, or documents concerning BBG, BBG's clients, and the termination of your employment with BBG, any agreement you entered with BBG that you: (a)  accessed or used while employed by, or after accepting an employment offer from, Blew; or (b) disclosed to Blew, Evans Howell, Peter Millar from May of 2023 to the present

**ANSWER:**

With respect to subsection (b), the answer is none.

With respect to subsection (a), because Defendant accepted the employment offer from Blew on about June 21 or 22, 2023 and he was employed by BBG until June 29, 2023, he would have accessed BBG-related information in the course and scope of his BBG employment. He does not recall all items accessed or used; however, he does recall using the writing program Quire on a daily basis.

After his employment ended with BBG, Defendant "accessed" BBG files by copying them onto the Blew laptop referenced above.

**INTERROGATORY NO. 5:**  Identify all employees or independent contractors of BBG that you have directly or indirectly (a) solicited or hired to join Blew as an employee or contractor or (b) solicited to leave BBG from May of 2023 to the present.

**ANSWER:**

Defendant was involved in soliciting his wife (Carole Lawson) and sister-in-law (Michelle Wood) to join Blew.

CAUSE NO. DC-23-10050

| | |
|---|---|
| BBG, INC., | IN THE DISTRICT COURT |
| *Plaintiff,* | |
| v. | 191ST JUDICIAL DISTRICT |
| RABIN MARK LAWSON, | |
| *Defendant.* | OF DALLAS COUNTY, TEXAS |

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S EXPEDITED REQUEST FOR PRODUCTION

Plaintiff BBG, Inc. serves its Objections and Responses to Defendant Rabin Mark Lawson's Expedited Request for Production pursuant to Texas Rules of Civil Procedure 192, 193, and 196 and the Court's Order Granting Expedited Discovery.

### OBJECTIONS AND RESPONSES

**REQUEST FOR PRODUCTION NO. 1:** All documents Plaintiff will use at the temporary injunction hearing.

**RESPONSE:** Plaintiff objects to this request to the extent it seeks to force Plaintiff to marshal all its evidence prior to the temporary injunction hearing. Plaintiff has not yet determined what documents it will use at the temporary injunction hearing.

**REQUEST FOR PRODUCTION NO. 2:** Communications to and/or from any of BBG's customers and prospective customers relating to Defendant. This request may be limited to the following time period: June 23, 2023 to the present.

**RESPONSE:** Responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 3:** All documents obtained via any "forensic investigation" conducted relating to Defendant and/or as otherwise referenced in Plaintiff's First Amended Petition filed on July 26, 2023.

**RESPONSE:** Responsive, non-privileged documents will be produced.

**REQUEST FOR PRODUCTION NO. 4:**  All documents and/or communications relating to Evans Howell, Peter Millar, and/or Blew & Associates, P.A. This request may be limited to the following time period: May 1, 2023 to the present.

**RESPONSE:** Plaintiff objects because this request is overload broad, not reasonably limited in scope, not reasonably calculated to lead to the discovery of admissible evidence, and fails to specify the items to be produced or inspected,  by individual item or by category, or to describe with reasonable particularity each item and category. *See* Tex. R. Civ. P. 196.1(b). Plaintiff also objects because a request for all documents evidencing or relating to a topic is not specific. In essence, this request seeks documents and communications relating to Evans Howell, Peter Millar, and/or Blew & Associates, P.A. regardless of whether the information concerns matters at issue in this lawsuit. Plaintiff will produce responsive documents and communications regarding Evans Howell, Peter Millar, and/or Blew & Associates, P.A., if any, that relate to the matters at issue in this lawsuit.

DATED this 2ⁿᵈ day of August, 2023.

Respectfully submitted,

**BELL NUNNALLY & MARTIN LLP**

By: */s/ Kristopher D. Hill*
      Kristopher D. Hill
      Texas Bar No. 24066674
      khill@bellnunnally.com
      John R. W. Fugitt
      Texas Bar No. 24036604
      jfugitt@bellnunnally.com
      Sydnie A. Shimkus
      Texas Bar No. 24093783
      sshimkus@bellnunnally.com

2323 Ross Ave., Suite 1900
Dallas, TX 75201
Telephone: (214) 740-1400

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on August 2, 2023, a copy of the foregoing document was served upon all counsel of record in this matter via email.

Nitin Sud (nsud@sudemploymentlaw.com)
SUD LAW P.C.
6750 West Loop South
Bellaire, Texas 77401

**ATTORNEY FOR DEFENDANT RABIN MARK LAWSON**

*/s/ Kristopher D. Hill*
Kristopher D. Hill

7509788_1.DOCX

CAUSE NO. DC-23-10050

| | |
|---|---|
| BBG, INC., | IN THE DISTRICT COURT |
| *Plaintiff,* | |
| v. | 191ST JUDICIAL DISTRICT |
| RABIN MARK LAWSON, | |
| *Defendant.* | OF DALLAS COUNTY, TEXAS |

## PLAINTIFF'S OBJECTIONS AND ANSWERS TO DEFENDANT'S EXPEDITED FIRST SET OF INTERROGATORIES

Plaintiff BBG, Inc. serves its Objections and Answers to Defendant Rabin Mark Lawson's Expedited First Set of Interrogatories pursuant to Texas Rules of Civil Procedure 192, 193, and 197 and the Court's Order Granting Expedited Discovery.

### OBJECTIONS AND ANSWERS

**INTERROGATORY NO. 1:** Identify, by name and address, all of Plaintiff's "customers" as that term is used in the following paragraphs contained in Plaintiff's First Amended Petition filed on July 26, 2023: 12, 30, 31, 33, and 53.

**ANSWER:** Plaintiff objects because this request is overbroad, not reasonably limited in scope, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff limited the scope of customers at issue in this matter to BBG prospects, customers, employees, agents, consultants, and other persons with whom Defendant had personal contact or provided services. *See* First Am. Pet., ¶¶ 21, 31. Subject to the foregoing objection, *see* attached Exhibit A.

**INTERROGATORY NO. 2:** List all payments made by Plaintiff's customers with whom Defendant worked. In answering this interrogatory, provide the date and amount of each payment, as well as the customer making each payment. This request may be limited to the following time period: January 1, 2022 to the present.

**ANSWER:** Plaintiff objects because this request is overbroad, not reasonably limited in scope, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant seeks payment information from customers regardless of whether they were wrongfully solicited by Defendant. Subject to the foregoing objections, *see* attached Exhibit A.

**INTERROGATORY NO. 3:** Identify, with specificity, the Confidential Information, proprietary data, and/or trade secrets, as those terms are used in the following paragraphs contained in Plaintiff's First Amended Petition filed on July 26, 2023: 12, 22, 30, 45, 46, and 54.

**ANSWER:** Plaintiff's use of "Confidential Information" in the First Amended Petition is as the term is defined in the Non-Competition, Non-Solicitation and Non-Disclosure Agreement. Defendant has not returned or produced the Confidential Information that he misappropriated. At this time, Plaintiff believes Defendant has taken customer lists, assessment templates, project information, and training materials from BBG, as well as other trade secret, confidential, and proprietary information that would enable him and Blew & Associates to wrongfully have a significant head start in operating a competing assessments business.

DATED this 2nd day of August 2023.

Respectfully submitted,

**BELL NUNNALLY & MARTIN LLP**

By: _/s/ Kristopher D. Hill_
  Kristopher D. Hill
  Texas Bar No. 24066674
  khill@bellnunnally.com
  John R. W. Fugitt
  Texas Bar No. 24036604
  jfugitt@bellnunnally.com
  Sydnie A. Shimkus
  Texas Bar No. 24093783
  sshimkus@bellnunnally.com

2323 Ross Ave., Suite 1900
Dallas, TX 75201
Telephone: (214) 740-1400

**ATTORNEYS FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that, on August 2, 2023, a copy of the foregoing document was served upon all counsel of record in this matter via email.

Nitin Sud ([nsud@sudemploymentlaw.com](mailto:nsud@sudemploymentlaw.com))
SUD LAW P.C.
6750 West Loop South
Bellaire, Texas 77401

**ATTORNEY FOR DEFENDANT RABIN MARK LAWSON**

*/s/ Kristopher D. Hill*
Kristopher D. Hill

## DECLARATION

I, Bill Britain, subject to the laws concerning perjury, hereby submit this Declaration and state as follows:

My name is Bill Britain. I am of legal age, of sound mind, and am fully competent to testify to the matters contained in this Declaration.  I am making this Declaration in lieu of a Verification pursuant to Texas Civil Practice and Remedies Code § 132.001.

I am an employee and authorized representative of Plaintiff BBG, Inc. and am authorized to make this Declaration on its behalf. I have read Plaintiff's Answers to Defendant's Expedited First Set of Interrogatories, and the factual statements contained therein are within my personal knowledge and/or based on my review of corporate records or documents and are true and correct.

My date of birth is █████████████ and my work address ███████████
████████████████████

Executed in <u>Dallas</u> County, Texas on the <u>2</u><sup>nd</sup> day of <u>August</u>, 2023.

By: _____

Bill Britain

7509794_1.DOCX

## CAUSE NO. DC-23-10050

| | |
|---|---|
| **BBG, INC.,** | **IN THE DISTRICT COURT** |
| *Plaintiff,* | |
| **v.** | **191ST JUDICIAL DISTRICT** |
| **RABIN MARK LAWSON,** | |
| *Defendant.* | **OF DALLAS COUNTY, TEXAS** |

## PLAINTIFF'S OBJECTIONS AND ANSWERS TO DEFENDANT'S EXPEDITED SECOND SET OF INTERROGATORIES

Plaintiff BBG, Inc. serves its Objections and Answers to Defendant Rabin Mark Lawson's Expedited Second Set of Interrogatories pursuant to Texas Rules of Civil Procedure 192, 193, and 197 and the Court's Order Granting Expedited Discovery.

### OBJECTIONS AND ANSWERS

**INTERROGATORY NO. 4:** Identify, with specificity (including, if known, the value or estimated value), any business and/or customers that Plaintiff contends it lost and/or did not obtain because of Defendant's wrongful acts, if any. This request may be limited to the following time period: June 12, 2023 to the present.

**ANSWER:** Defendant accepted an employment position with Blew & Associates ("Blew"), a direct competitor of BBG, in violation of his contractual non-compete obligations to BBG. Defendant also admittedly solicited two BBG employees to resign their employment with BBG and accept employment positions with Blew. After accepting an employment position with Blew, but before resigning from BBG, Defendant informed a customer of BBG that he was leaving BBG and would reach out when working with his new company. Defendant used portable electronic drives to misappropriate valuable client lists, templates, project and client information, training materials, and other confidential and proprietary information from BBG. On information and belief, Defendant uploaded BBG data and documents to a laptop computer he was issued by Blew with the apparent intent of using BBG's information to conduct business for Blew

and take business and customers from BBG. BBG has incurred significant costs and fees in connection with efforts to forensically determine the nature and extent of Defendant's misappropriation and use of BBG's property. BBG obtained a Temporary Restraining Order to prevent: (a) Defendant from further violating his contractual obligations to BBG; (b) Defendant from using BBG's confidential and proprietary information; and (c) the loss of business and customers. Discovery of Defendant's actions, including damage to BBG's business and customer relationships, is ongoing. At this early juncture in the expedited discovery process, BBG is unaware of whether its customer relationships have been damaged or diminished by Defendant's actions.

DATED this 14th day of August 2023.

Respectfully submitted,

**BELL NUNNALLY & MARTIN LLP**

By: /s/ *Kristopher D. Hill*
  Kristopher D. Hill
  Texas Bar No. 24066674
  khill@bellnunnally.com
  John R. W. Fugitt
  Texas Bar No. 24036604
  jfugitt@bellnunnally.com
  Sydnie A. Shimkus
  Texas Bar No. 24093783
  sshimkus@bellnunnally.com

2323 Ross Ave., Suite 1900
Dallas, TX 75201
Telephone: (214) 740-1400

**ATTORNEYS FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that, on August 14, 2023, a copy of the foregoing document was served upon all counsel of record in this matter via email.

Nitin Sud ([nsud@sudemploymentlaw.com](mailto:nsud@sudemploymentlaw.com))
SUD LAW P.C.
6750 West Loop South
Bellaire, TX 77401
**ATTORNEY FOR DEFENDANT**

*/s/ Kristopher D. Hill*
Kristopher D. Hill

## **DECLARATION**

I, Bill Britain, subject to the laws concerning perjury, hereby submit this Declaration and state as follows:

My name is Bill Britain. I am of legal age, of sound mind, and am fully competent to testify to the matters contained in this Declaration. I am making this Declaration in lieu of a Verification pursuant to Texas Civil Practice and Remedies Code § 132.001.

I am an employee and authorized representative of Plaintiff BBG, Inc. and am authorized to make this Declaration on its behalf. I have read Plaintiff's Answers to Defendant's Expedited Second Set of Interrogatories, and the factual statements contained therein are within my personal knowledge and/or based on my review of corporate records or documents and are true and correct.

My date of birth is ████████ and my work address is ████████████ ██████████.

Executed in Dallas County, Texas on the 14th day of August, 2023.

_____

By: Bill Britain

7526315_1.DOCX

CAUSE NO. DC-23-10050

| | |
|---|---|
| BBG, INC., | IN THE DISTRICT COURT |
| *Plaintiff*, | |
| v. | 191ST JUDICIAL DISTRICT |
| RABIN MARK LAWSON, | |
| *Defendant.* | OF DALLAS COUNTY, TEXAS |

**PLAINTIFF'S SUPPLEMENTAL OBJECTIONS AND ANSWERS TO DEFENDANT'S EXPEDITED FIRST SET OF INTERROGATORIES**

Plaintiff BBG, Inc. serves the following Supplemental Objections and Answers to Defendant Rabin Mark Lawson's Expedited First Set of Interrogatories pursuant to Texas Rules of Civil Procedure 192, 193, and 197 and the Court's Order Granting Expedited Discovery.

**OBJECTIONS AND ANSWERS**

**INTERROGATORY NO. 3:** Identify, with specificity, the Confidential Information, proprietary data, and/or trade secrets, as those terms are used in the following paragraphs contained in Plaintiff's First Amended Petition filed on July 26, 2023: 12, 22, 30, 45, 46, and 54.

**ANSWER:** Defendant—in concert with Carole Lawson and Michelle Wood, the two former BBG employees with whom Defendant solicited to leave BBG and join its direct competitor (Blew)—willfully misappropriated Confidential Information of BBG by storing and saving said information to personally owned USB drives, transferring said information to laptops owned by Blew, and refusing to return said information until after BBG filed this action and the Court signed a temporary restraining order. The known Confidential Information Defendant and his co-conspirators misappropriated consists of information sufficient to provide a competitor with a significant head start and competitive advantage in forming or bolstering a competing assessment business.

At this time, Confidential Information of BBG that Defendant misappropriated has been disclosed via file lists and in BBG's document production pursuant to the parties Agreed Forensic Protocol. At this time, Plaintiff has determined that Defendant misappropriated the following trade-secret information of Plaintiff: client lists, pricing information, contractor lists, and financial information. *See, e.g.,* BBG009224, 004936, 005004-007, 005057, 006125, 009279. Defendant has failed to fully respond to requests for production served by Plaintiff in this action, and Plaintiff testified that he intentionally spoliated evidence in the form of, at least, text messages. Further, in light of the expedited nature of this action, Plaintiff has yet to fully discover information and documents in the possession, custody, and control of Blew. Accordingly, Plaintiff reserves the right to amend or supplement this Answer as discovery develops and Plaintiff has sufficient time to complete its analysis of all the data subject to the parties' Agreed Forensic Protocol.

DATED this 20th day of August 2023.

Respectfully submitted,

**BELL NUNNALLY & MARTIN LLP**

By: */s/ Kristopher D. Hill*
      Kristopher D. Hill
      Texas Bar No. 24066674
      khill@bellnunnally.com
      John R. W. Fugitt
      Texas Bar No. 24036604
      jfugitt@bellnunnally.com
      Sydnie A. Shimkus
      Texas Bar No. 24093783
      sshimkus@bellnunnally.com

2323 Ross Ave., Suite 1900
Dallas, TX 75201
Telephone: (214) 740-1400

**ATTORNEYS FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that, on August 20, 2023, a copy of the foregoing document was served upon all counsel of record in this matter via email.

Nitin Sud ([nsud@sudemploymentlaw.com](mailto:nsud@sudemploymentlaw.com))
SUD LAW P.C.
6750 West Loop South
Bellaire, Texas 77401

**ATTORNEY FOR DEFENDANT RABIN MARK LAWSON**

<u>/s/ Kristopher D. Hill</u>
Kristopher D. Hill

7546245_1.DOCX

1            CAUSE NO. 23-10050

2   BBG, INC.,                    ) IN THE DISTRICT COURT OF
                                  )
3            Plaintiff,           )
                                  )
4   VS.                           ) DALLAS COUNTY, TEXAS
                                  )
5                                 )
    RABIN MARK LAWSON,            ) 191TH JUDICIAL DISTRICT
6                                 )
             Defendants.          )

7

8

    *************************************************************
9
       ORAL AND VIDEOTAPED DEPOSITION OF RABIN MARK LAWSON
10                      AUGUST 16, 2023

11  *************************************************************

12

13          ORAL AND VIDEOTAPED DEPOSITION OF RABIN MARK

14  LAWSON, produced as a witness at the instance of the

15  Plaintiff and duly sworn, was taken in the above styled

16  and numbered cause on Wednesday, August 16, 2023, from

17  9:09 a.m. to 12:37 p.m., before SARA BIELAMOWICZ, CSR,

18  RPR, in and for the State of Texas, reported by

19  computerized stenotype machine, at the offices of Sud Law

20  P.C., 6750 West Loop South, Suite 920, Houston, Texas,

21  pursuant to the Texas Rules of Civil Procedure and the

22  provisions stated on the record herein.

23

24

25



**CAUSE NO. DC-23-10050**

| | |
|---|---|
| **BBG, INC.,** | **IN THE DISTRICT COURT** |
| *Plaintiff,* | |
| **v.** | **191ST JUDICIAL DISTRICT** |
| **RABIN MARK LAWSON,** | |
| *Defendant.* | **OF DALLAS COUNTY, TEXAS** |

**AGREED PROTOCOL FOR FORENSIC EXAMINATION**

This Agreed Protocol for Forensic Examination ("Agreement") is entered by and between BBG, Inc. ("BBG") and Mark Lawson ("Lawson").

**RECITALS**

1.      Lawson is a former employee of BBG.

2.      BBG issued a company-owned a laptop computer to Lawson in connection with his employment with BBG.

3.      During his employment with BBG, Lawson used personally owned external drives or other electronic devices to access and store data, files, or property of BBG.

4.      In June 2023 Lawson accepted an employment position with Blew & Associates, P.A. ("Blew").

5.      Blew issued a company-owned laptop computer to Lawson in connection with his employment with Blew. Blew also issued company-owned laptops to two other employees (Carol Lawson ("Carol") and Michelle Wood ("Wood")) who had previously

worked with BBG and also joined Blew. Collectively, these three laptops that Blew issued to these three former BBG employees shall be referred to as the "Laptops."

6.      It appears Lawson, Carol, and Wood transferred data or files potentially belonging to BBG to the Laptops.

7.      BBG filed the above-captioned lawsuit against Lawson on July 26, 2023 (the "Lawsuit").

8.      The parties hereby enter this Agreement to establish a protocol for forensic examination of any external drives or other electronic devices in Lawson's possession, custody, or control that contain data, files, documents, or other property of BBG.

## AGREEMENT

BBG and Lawson agree as follows:

1.      Computer forensic examination pursuant to this Agreement will be performed by:

> Greg Jackson
> Digital Forensics Investigator
> Adolphus Tower
> 1412 Main Street, Suite 612
> Private Investigator License # 03443901
> TX DPS PSB Company License # A15843

2.      Examiner's costs incurred in connection with services performed pursuant to this Agreement shall be borne by BBG. BBG expressly reserves the—and does not release its—right to seek to recover or recoup all costs related to the forensic examination performed pursuant to this Agreement and any other forensic examination related to the

Lawsuit, Lawson's former employment with BBG, or Lawson's employment or other affiliation with Blew.

3.     Lawson acknowledges that Examiner has been retained by BBG in connection with the Lawsuit and agrees that BBG retains the exclusive right to engage Examiner in connection with this matter, including as an expert, testifying or otherwise. Lawson waives any right to rely on this Agreement as a basis to challenge Examiner as an expert witness or otherwise, including but not limited to challenges related to Examiner's qualifications, opinions, bias, conflicts, or character.

4.     On or before August 4, 2023, Lawson shall provide Examiner with access to all external drives or electronic devices in his possession, custody, or control that may contain data, files, documents, or property of or relating to BBG. Examiner shall make full forensic images of each electronic device disclosed by Lawson pursuant to this Agreement. The forensic images shall be copied and retained by Examiner in confidence until such time as the parties to this Agreement request the destruction or return of the forensic image files.

5.     Examiner shall examine the electronic devices produced by Lawson pursuant to this Agreement as follows:

a.     Examiner will document the make, model, serial or service tag numbers, peripherals, dates of manufacture and condition of the electronic devices produced by Lawson.

b.     Examiner will examine the electronic devices produced by Lawson for data, files, documents, and property of BBG. To facilitate this

aspect of the examination, BBG may identify specific file names to Examiner for search and analysis.

c.    Examiner will examine the electronic devices produced by Lawson for all communications, including emails, text messages, and voice messages, exchanged between Employees and Blew concerning: (i) BBG; (ii) BBG's employees, including Evans Howell and Peter Millar; (iii) data, files, documents, or property of BBG; and (iv) customers of BBG identified in a confidential customer list BBG has disclosed to Mark Lawson pursuant to a Protective Order signed by the Court in the Lawsuit.

6.    Upon completion of Examiner's forensic examination pursuant to this Agreement, Examiner will provide a report to counsel for the parties to this Agreement. Lawson's counsel will have one day to review the report to determine whether information on the report is either: a) potentially privileged; b) potentially irrelevant to the Lawsuit or related issues; or c) personal and sensitive to either Blew or Lawson. With respect to data, documents, and files identified in the report for which no assertions of privilege or relevance are made during the one-day review period, Examiner shall produce such data, documents, and files to BBG's counsel immediately. If Lawson asserts a privilege, he shall serve a privilege log within one day of asserting the privilege, identifying the privilege asserted, document, date, author, recipients, name of parties referenced in the document, and subject of the information and/or communications. If Lawson objects to disclosure of any data, document, or file to BBG based on relevance, the parties will immediately confer and attempt to resolve any dispute. Confidentiality or sensitivity of any relevant, non-privileged data, document, or file will not serve as a

basis for an objection to disclosure to BBG in light of the Agreed Protective Order in the Lawsuit.

7.     Within two days of Examiner's production of documents, data, and files to BBG, BBG's attorney shall provide a list to Lawson's attorney of all items it considers to belong to BBG. If there is any dispute, the parties will immediately discuss and attempt to resolve their dispute. Upon reaching an agreement as to which files are BBG files, Examiner will permanently delete those files from the original electronic devices he received from Lawson and return them directly to Lawson as soon as possible. Any devices that do not contain any BBG data, documents, or files will also be returned to Lawson as soon as possible.

8.     The counsel executing this Agreement are authorized to sign this Agreement on behalf of their respective clients and bind their respective clients to the terms of this Agreement. This Agreement may be filed in the Lawsuit as an enforceable Rule 11 agreement under the Texas Rules of Civil Procedure.

7518860_1.DOCX

AGREED BY:

**BBG, INC.**                                    **RABIN MARK LAWSON**

By: _____      By: _____
Kristopher D. Hill, Attorney of record for    Nitin Sud, Attorney of record for Rabin
BBG, Inc.                                       Mark Lawson